Rivercross Tenants' Corp. v Kovach (2023 NY Slip Op 00285)

Rivercross Tenants' Corp. v Kovach

2023 NY Slip Op 00285

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 161789/19 Appeal No. 17173 Case No. 2022-01313 

[*1]Rivercross Tenants' Corp., Plaintiff-Respondent,
v
Kathleen Kovach, Defendant-Appellant.

Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellant.
Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for respondent.

Order, Supreme Court, New York County (James D'Auguste, J.), entered October 14, 2021, which granted plaintiff's motion for summary judgment on its cause of action for ejectment and to dismiss defendant's affirmative defenses, unanimously affirmed, without costs.
The court correctly granted plaintiff summary judgment on its ejectment cause of action, as plaintiff's decision to terminate defendant's proprietary lease for her objectionable conduct of constantly harassing her neighbors was protected by the business judgment rule (see 40 West 67th Street Corp. v Pullman, 100 NY2d 147, 153-154 [2003]; 1050 Tenants Corp. v Lapidus, 39 AD3d 379, 382-383 [1st Dept 2007], lv denied 9 NY3d 807 [2007]). There is no indication that plaintiff acted outside the scope of its authority or other than for the purposes of the cooperative, and its determination was made in compliance with the required procedure set forth in the lease (see Trump Plaza Owners, Inc. v Weitzner, 61 AD3d 480, 480 [1st Dept 2009]). While defendant contends that the termination of her tenancy was in retaliation for her own complaints against her neighbors and her requests for a disability accommodation, she offers no evidentiary support for this claim aside from speculative statements in her affidavit in opposition to plaintiff's motion. Thus, there is no indication of bad faith warranting closer review of plaintiff's determination. Nor did defendant refute any of the allegations of objectionable conduct such that a triable issue of fact is raised.
Defendant's affirmative defenses were correctly dismissed in the absence of any evidence submitted by defendant to demonstrate their merits (CPLR 3211[b]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023